UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ANASTASIS KAMELARIS,**   Case Number: 8:22-cv-823

    **Plaintiff,**

v.

**FLA. LAWN CARE, INC.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Anastasis Kamelaris, by and through his undersigned counsel, hereby brings this action against Defendant, FLA Lawn Care, Inc., for the recovery of damages in the form of unpaid overtime wages owed to Plaintiff by Defendant. Plaintiff brings this action before the Court and against Defendant pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff seeks to recover unpaid overtime wages, liquidated damages, attorney's fees, and costs. In further support of Plaintiff's claim, Plaintiff states as follows:

1

## Parties

1. Plaintiff is a qualified male and resident of Florida and was employed by Defendant as a manual laborer and was hired to perform landscaping duties for Defendant.

2. Defendant is a landscaping company headquartered in Lakeland, Florida.

## Jurisdiction

3. Defendant is a domestic, for-profit landscaping company headquartered in Polk County, Florida.

4. Defendant provides landscaping services throughout Polk County, Florida and other surrounding counties in Central Florida.

5. Plaintiff is a Florida resident who resides in Hillsborough County, Florida.

6. Plaintiff was employed by Defendant in Polk County, Florida.

7. The events giving rise to this action occurred in Polk County, Florida.

8. Jurisdiction and venue are proper in the Middle District of Florida – Tampa Division because Defendant is headquartered in the Middle District of Florida.

## Factual Allegations

9. Plaintiff was paid by Defendant as an hourly employee.

10. Plaintiff was paid on an hourly basis and not subject to any exemptions under the FLSA.

11. Plaintiff was employed by Defendant from approximately April 3, 2020, until approximately August 25, 2021.

12. During the entirety of Plaintiff's employment, Plaintiff regularly and routinely worked more than 40 hours in a single workweek.

13. Plaintiff was not paid at least one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek for Defendant.

14. Plaintiff was an hourly, non-exempt employee not subject to any exemptions or exceptions under the FLSA and was entitled to be paid premium wages for all hours worked beyond forty (40) in a single workweek.

15. Plaintiff was engaged by Defendant to work as a laborer during the three (3) years prior to the initiation of this lawsuit.

16. Defendant owns and operates a landscaping company known as "FLA Lawn Care, Inc."

17. Defendant engaged in an illegal policy of requiring Plaintiff to work more than 40 hours in a single workweek and did not allow Plaintiff to properly record all of his hours worked.

18. Defendant engaged in the illegal practice of willfully and intentionally misclassifying Plaintiff as a contractor in order to avoid paying Plaintiff overtime wages for hours worked beyond 40 in a single workweek.

19. Defendant's intentional misclassification was done in order to avoid paying Plaintiff's overtime wages.

20. Defendant engaged in willful and intentional misclassification throughout the entirety of Plaintiff's employment. Defendant's illegal intentional misclassification affected each week of Plaintiff's employment.

21. Plaintiff routinely worked more than 40 hours in a single workweek. However, Defendant paid Plaintiff straight time for all hours worked and did not pay Plaintiff time-and-one-half his regular rate for all hours worked beyond 40 in a single workweek.

22. Defendant controlled every aspect of Plaintiff's employment.

23. Specifically, Defendant determined: the times Plaintiff worked, Plaintiff's rate of pay, the locations where Plaintiff worked, the way in which

Plaintiff performed his work, the days when Plaintiff completed his work, and the days Plaintiff was allowed to request off for leave.

24. Additionally, Defendant provided Plaintiff with a uniform, tools, and a company vehicle - all of which Plaintiff was required to utilize in completing his job duties for Defendant.

25. Defendant was Plaintiff's employer because Defendant exercised substantial control over Plaintiff's performance of his job duties.

26. Plaintiff worked for Defendant in Polk County, Florida.

27. Instead of paying overtime wages, Defendant circumvented the FLSA by failing to pay Plaintiff's overtime wages, even though Plaintiff's habitually worked up to 50 hours a week or more.

28. Plaintiff was not always paid time and a half for all hours worked over forty in any given week.

29. As of this date, Plaintiff has still not been paid the entirety of his wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

30. It is believed that there are similarly situated employees who were also not paid the full extent of their overtime at the correct rate of pay and who were also

subject to the exact same unlawful pay practices, i.e. intentionally misclassifying employees as independent contractors to avoid paying overtime wages.

31.     Plaintiff regularly and habitually worked more than 40 hours per week and was not paid overtime wages for the hours worked beyond 40 in a single week.

32.     Defendant, at all relevant times to this complaint, was Plaintiff's employer as defined by 29 U.S.C. § 203(d).  Plaintiff was an individual covered under the FLSA as he performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the landscaping industry as Defendant operates as "Fla. Lawn Care, Inc."

33.     Plaintiff routinely traveled along highways and byways to perform his landscaping tasks at various locations for Defendant.

34.     Plaintiff routinely used products, tools, and materials that do not originate within the State of Florida.

35.     Plaintiff routinely used and installed equipment, materials, and goods that originated out-of-state. Plaintiff received and collected the items that arrived from out-of-state and transported those items to Defendant's clients and customers in Florida.

36. This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs.

37. The Court has jurisdiction over Plaintiff's claims as all material events transpired in Polk County, including those brought pursuant to the FLSA.

38. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s). Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant are a multi-million-dollar operation that has considerable expertise in the landscaping industry. Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

39. Defendant advertises its services online, regularly orders goods and materials from out of state vendors, and accepts and processes credit card payments from banks located outside of Florida.

40. At all material times relevant to this action, Plaintiff in his capacity as an employee was individually covered by the FLSA. This would include to doing

hourly work as a laborer, without managerial responsibility. Plaintiff did not bear supervisory responsibility for any other employees. Plaintiff did not regularly direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant's in any way. Plaintiff did not implement legal compliance measures.

41. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for all hours worked during his employment. Plaintiff worked over 40 hours per nearly every week during his employment with Defendant. The off the clock work that Plaintiff was directed to do was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff premium wages. Notably, Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours. Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

42. Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to him, true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION

43. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-42, above.

44. Plaintiff was entitled to be paid his regular rate of pay for each hour worked per work week as well as premium wages for those hours worked over forty.

45. During his employment with Defendant, Plaintiff regularly worked overtime hours each week in which he was not paid at the correct rate of pay.

46. In Plaintiff's case, he routinely performed labor, at Defendant's specific request for the sole benefit of Defendant, and was not paid for the hours he worked.

47. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff the correct premium rate of pay for each hour worked beyond 40 in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

48. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of the unpaid wages under Florida law, as well as liquidated damages under the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of overtime wages, and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED: April 6, 2022

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, Florida 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com
