UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANASTASIS KAMELARIS,

        Plaintiff,

v.

        Case No. 8:22-cv-823-SCB-TGW

FLA LAWN CARE, INC.,

        Defendant.
_____/

**O R D E R**

**THIS CAUSE** comes before the Court on Plaintiff Anastasis Kamelaris' Motion for Clerk's Entry of Final Default Judgment Pursuant to Rule 55(b)(1). (Doc. 14). For the reasons that follow, the Motion is due to be granted.

On April 6, 2022, Plaintiff filed his Complaint against Defendant, FLA Lawn Care, Inc., his former employer, seeking recovery of overtime wages compensation under the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. § 201-216. (Doc. 1). Plaintiff served Defendant via its registered agent, David Hargroves, at 1334 Walker Circle E. Lakeland, Florida 33805, on April 13, 2022 (Doc. 8). Defendant's. responsive pleading to the Complaint was due on or before May 4, 2022. Defendant failed to file a response to the Complaint. On May 12, 2022, the Clerk entered a Clerk's Default against Defendant, pursuant to Rule 55(a), Federal

1

Rules of Civil Procedure. 55 days have now passed since Defendant was served in this case and it has failed to respond. As such, Plaintiff seeks the entry of a final default judgment against Defendant, pursuant to Rule 55(b)(1), Federal Rules of Civil Procedure.

 Rule 55(b)(1) provides that:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). As set forth in the Complaint, Plaintiff alleged the following sufficient facts, now admitted, entitling him to the relief requested:

Plaintiff has not been paid all of the wages he earned while working for Defendant as a landscaper on an hourly, non-exempt, basis from April 3, 2020 until August 25, 2021. (Doc. 1 at 3). Plaintiff routinely worked more than 40 hours in a single workweek. (*Id.* at 4). However, Defendant paid Plaintiff straight time for all hours worked and did not pay Plaintiff time-and-one-half his regular rate for all hours worked beyond 40 in a single workweek. (*Id.*). Defendant controlled every aspect of Plaintiff's employment. (*Id.* at 4-5). Specifically, Defendant determined the times Plaintiff worked, Plaintiff's rate of pay, the locations where Plaintiff worked, the way in which Plaintiff performed his work, the days when

Plaintiff completed his work, and the days Plaintiff was allowed to request off for leave. (*Id.* at 5). Defendant misclassified Plaintiff as a contractor in order to avoid paying Plaintiff overtime wages for hours worked beyond 40 in a single workweek. (*Id.* at 4). At all relevant times, Defendant failed to comply with the FLSA. (*Id.* at 8). As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to payment of unpaid wages under Florida law, as well as liquidated damages under the FLSA. (*Id.* at 9).

Plaintiff submits in support of his Motion his own Declaration of Damages (Doc. 14-1) as well as his attorney's Declaration of Attorney's Fees (Doc. 14-2). In total, Defendant failed to pay Plaintiff $8,370.00 (10 hours of unpaid overtime per week) in unpaid premium wages. (Doc. 14-1, p. 2). Additionally, Plaintiff seeks liquidated damages against Defendant, also in the amount of $8,370.00 (10 hours of unpaid overtime per week). (Doc. 14, p. 3; Doc. 14-1, p. 2). Finally, Defendant seeks attorney's fees in the amount of $3,718.00 ($425 per hours x 8.75 hours) and costs in the amount of $467.00 (for filing and serving the complaint in this case).(Doc. 14, p. 3; Doc. 14-1, p. 2; Doc. 14-2, p. 1). The total judgment requested is, therefore, $20,925.75 ($16,740 in damages plus $4,185.75 in fees and costs). This Court, having carefully considered the record along with Plaintiff's submissions, finds that Plaintiff is entitled to the entry of a final default judgment

as requested.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff Anastasis Kamelaris' Motion for Clerk's Entry of Final Default Judgment Pursuant to Rule 55(b)(1) is **GRANTED**.

2. Plaintiff shall recover from Defendant, FLA Lawn Care, Inc., the sum of $20,925.75.

5. The Clerk shall enter judgment accordingly and close this case.

**DONE** and **ORDERED** at Tampa, Florida, this 7th day of May, 2022.

_____
SUSAN C. BUCKLEW
United States District Judge